In re SEEBOLD.

WILCOX v. CIVIL SHERIFF OF PARISH OF ORLEANS et al.

(Circuit Court of Appeals, Fifth Circuit. January 8, 1901.)

No. 987.

1. BANKRUPT ACT—APPEAL—REVIEW—JURISDICTION.

Where the United States circuit court, acting as a court of bankruptcy, denied a rule by the trustee on the civil sheriff of a parish to turn over to the trustee certain funds received as the proceeds of a sale of the bankrupt's property under proceedings instituted in the state court prior to the proceedings in bankruptcy, and the trustee appealed, and also presented his petition to the circuit court, praying that the cause and judgment be sent to the circuit court of appeals, and a return day fixed, and formal notice was served on the attorneys of record, the action taken was sufficient to bring the cause before the circuit court of appeals for review, under section 24b, providing that on due notice and petition such court shall have jurisdiction to revise in matters of law the proceedings of the inferior courts of bankruptcy within their jurisdiction, though the order of the bankrupt court was not appealable.[1]

2. SAME.

Under Bankr. Act, § 24b, providing that the circuit court of appeals has jurisdiction in equity to revise, in matter of law, proceedings of the inferior courts of bankruptcy "within their jurisdiction," the jurisdiction referred to is territorial, and such court has jurisdiction of an appeal from a court of bankruptcy within its circuit where, though objection to the jurisdiction of the court below was presented there by the appellee, other grounds of defense were also presented by him, and the court did not ground its decision in his favor on the question of jurisdiction.

3. SAME—EXECUTION FROM STATE COURT.

Where an action was begun in a state court and prosecuted to judgment, execution issued, and the property subjected to pledge by the judgment seized and advertised for sale before the institution of voluntary proceedings in bankruptcy, the state court having possession of the property and jurisdiction of the parties, the court of bankruptcy had no authority to stop the proceedings.

Petition for Revision of Proceedings in the Circuit Court of the United States for the Eastern District of Louisiana.

On March 8, 1900, suit was instituted by the landlords of Mrs. Lisette Seebold (now the bankrupt) for rent for certain premises in the city of New Orleans claimed to be due the landlords on that day by the terms of the lease under which the premises were held and occupied. On the 13th day of the same month, on the answer and confession of Mrs. Seebold, the landlords obtained judgment against her for the sum of $2,974.99, with interest thereon at the rate of 8 per cent. per annum from March 9, 1900, until final payment, together with 10 per cent. upon principal and interest, as attorney's fees, and all costs. It was therein also adjudged and decreed that the lessors have the privilege and right of pledge granted and fixed by law in favor of lessors upon the property and movable effects in the premises described and rented by them to the said Mrs. Seebold, and decreed that the privilege and right of pledge be enforced and the property and effects be sold according to law; that out of the proceeds of sale the lessors be paid the amount, with interest and attorney's fees and costs, by priority and preference over all parties whatsoever. And on the same day last named a writ of execution issued out of the state court, commanding the sheriff to seize and sell the property of Mrs. Seebold, to cause to be made for the lessors the sum, with interest, at-

---

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

torney's fees, and costs, with the privilege and right of pledge granted and fixed by law in favor of lessors upon the property and movable effects in the premises rented by the lessors to Mrs. Seebold. Under this writ the sheriff seized (1) all the movable property and effects that were in the premises; (2) the contract of lease made by the lessors with Mrs. Seebold; and in case the lease should not be sold (3) all the right of occupancy of the premises described vested in Mrs. Seebold under the lease. Having made the seizure, the sheriff advertised the property to be sold on Monday, April 2, 1900. On March 31, 1900, Mrs. Seebold presented her petition to be adjudged a bankrupt, and was on the same day so adjudged by the court of bankruptcy for the Eastern district of Louisiana, after which, but on the same day, she presented her petition to the judge of the court of bankruptcy, reciting the fact of the seizure that had been made of her goods and property under the judgment and execution mentioned, and the advertisement for the sale to be made on April 2d, stating that she was not advised that the sale, as advertised to take place, would be ruinous to the creditors or injurious to their interests, and unless the court sees fit to intervene and restrain the said sale she does not feel authorized to do so; but she prays for an order enjoining and restraining the sheriff from paying over to the plaintiffs, the lessors, in the proceedings mentioned, the proceeds of the sale of the stock of merchandise seized and advertised for sale under the proceedings, and directing the sheriff to hold the proceeds until the further order of the court of bankruptcy, and to pay the proceeds to the trustee, or other officer to be elected or appointed in the bankrupt proceedings, to distribute the same to the creditors of Mrs. Lisette Seebold. On the same day, March 31, 1900, the judge of the court of bankruptcy made an order substantially in conformity to the prayer of this petition of the bankrupt. The sale as advertised by the sheriff duly proceeded on April 2, 1900, and was completed on the 16th of the same month. The gross proceeds of the sale were $2,584.48. On June 7, 1900, the sheriff took a rule in the state court for the distribution of these proceeds, naming as defendants in the rule all the parties in interest, including C. O. Wilcox, the trustee, the city of New Orleans, and the state tax collector, which rule was fixed for trial in the state court, to be had on June 8, 1900, on which day the trial of the rule and matter was continued to June 15th. On April 3, 1900, the judge of the court of bankruptcy entered an order to the effect that "the judge of this court, pursuant to * * * section 601, Rev. St. U. S., does hereby recuse himself in said bankruptcy proceedings of said Mrs. Lisette Seebold, and hereby orders that this order shall be entered on the minutes of this court, and that an authenticated copy of this order, with all the proceedings in this cause, shall be forthwith certified to the circuit court for the Eastern district of Louisiana, New Orleans division." On April 27th the order just recited was so amended as to show that the same was made on motion and request of the bankrupt, through her counsel. Wilcox was duly elected and qualified as trustee in the proceedings in bankruptcy in this estate; and on June 8, 1900, he presented to the circuit court, into which the proceedings had been certified, his petition reciting substantially the facts as to what had occurred, and the present status, and praying that the sheriff and the lessors be required to answer, and that each of them be ordered to turn over and deliver to the honorable court and to the trustee the proceeds of the sale of the property located in the rented premises, and praying in the meanwhile for a restraining order, on which petition the Honorable Charles Swayne, United States district judge for the Northern district of Florida (then, by designation, holding the circuit court for the Eastern district of Louisiana), ordered that the defendants named in the petition should show cause on June 12, 1900, at 11 a. m., why they, and each of them, should not turn over to the trustee the proceeds of the property sold by the sheriff, referred to in the petition, and why an injunction should not issue as prayed for, and that a restraining order should issue, forbidding the defendants from disposing of the funds in the possession of the sheriff until the disposition of the same by the United States circuit court. In answer to this rule the sheriff appeared and peremptorily excepted to the petition of the trustee on the ground (1) "that the court is without jurisdiction of the matters and things inquired about; that this respondent is the executive

officer of the civil district court for the parish of Orleans, and only to that court is he responsible, and only that court can direct the distribution of the funds in his hands resulting from the execution of the writ emanating from that court"; (2) that the question of distribution of the funds is now pending before the civil district court in proceedings instituted prior to this proceeding, and to which the trustee was made a party; (3) that, the bankruptcy in this case being voluntary, the proceedings in the civil district court referred to in the petition were not affected thereby; (4) that under the laws of the state it is incumbent, before letting property seized, or the proceeds thereof, go out of his possession, that the taxes on the same be first paid, and that the city of New Orleans has served notice upon him that upon that property there are taxes due amounting to $143, and that the state of Louisiana has served a similar notice that there are taxes due to it amounting to $151.06. It is unnecessary to recite the answer of the other respondents. The matter came on to be heard in the circuit court on June 14th, and on the next day that court entered an order in part as follows: "In re Bankruptcy of Mrs. Lisette Seebold. (No. 12,878.) The rule taken herein by C. O. Wilcox, trustee, on June 8, 1900, on the civil sheriff of the parish of Orleans, and on Mrs. De Guilbeau et al., to turn over certain funds to the trustee, and to have an injunction issued, having been argued by counsel for the respective parties and submitted, and having been duly considered by the court, it is ordered that said rule and application of the trustee be denied, and that the restraining order issued herein be dissolved." From this order the trustee took an appeal to this court. He also presented his petition to the circuit court, which, after making the suitable recitations, prays that this cause and the judgment herein rendered as aforesaid be sent to the honorable United States circuit court of appeals for the Fifth circuit for revision and review, and that a return day be fixed by this honorable court, and, if any bond be required of petitioner, that the amount of said bond be fixed by this honorable court; that the said civil sheriff and Mrs. Alice Grailhe de Montaima, widow of Albin de Grilleau, and J. A. Robert Grailhe de Montaima, both residing at Loan, in the republic of France, and J. C. Thomas Grailhe de Montaima, residing at Paris, in said republic of France, be duly notified of this petition, and for all such orders as equity or the nature of the case may require." This petition was presented to one of the judges of the circuit court of appeals, who thereon ordered, June 17, 1900, that the same be filed and notified to the defendants therein "by service of a copy thereof upon the parties through their attorneys of record herein, and let the petitioner, the trustee, be allowed to petition the United States circuit court of appeals for the Fifth circuit for a revision and review of the judgment rendered in the cause on June 15, 1900, returnable according to law; petitioner to furnish bond in the sum of $100." The trustee assigns as error that the circuit court erred in holding that he, as trustee, was not entitled to have ordered to be delivered to him for administration and distribution in bankruptcy, under the orders of the United States circuit court as a court of bankruptcy, the property belonging to said bankrupt in the possession of the civil sheriff of the parish of Orleans, state of Louisiana, upon the facts shown by the record in this cause, and appearing in the transcript herein, and that the court erred in entering judgment in favor of the defendants and against the plaintiff.

E. T. Florance, for petitioner.

Carroll & Carroll and Dinkelspiel & Hart, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge, having stated the facts as above, delivered the opinion of the court.

We do not understand that either of the parties to this proceeding have excepted, either in the circuit court or in this court, to the action of the judge of the court of bankruptcy in transferring the administration of the estate of this bankrupt into the circuit court

under section 601 of the Revised Statutes of the United States, or to have objected, either in that court or in this court, that the circuit court did not have jurisdiction to proceed therein as provided by section 637 in reference to "any cause, civil or criminal, of whatever nature." We refer to the matter only to announce that our action in this case may not be taken as indicating any view we may have as to the application of those sections of the Revised Statutes to this subject. We, however, invite the attention of the courts of bankruptcy and the bar to the consideration of clause 8 in section 1, and to the definition of "courts of bankruptcy" repeated in section 2, and to clauses 3, 4, and 5 of section 38, of the bankrupt act of 1898, and to general order No. 12 (32 C. C. A. xvi., 89 Fed. vii.). The exception taken by the civil sheriff to the jurisdiction of the court below was taken to it as a court of bankruptcy, and not on the ground that it was the circuit court, and not embraced within the definition of "courts of bankruptcy."

In this court it is urged orally by counsel on behalf of the civil sheriff that this court is without jurisdiction, because the order of the court below is not such a judgment as may be reviewed on appeal or writ of error under section 25, and that the action taken is not sufficient to bring the subject to the attention of this court under clause "b" of section 24. Counsel for the trustee does not contend that the case is here by appeal, but he does insist that it is properly presented on his petition for review. In the preparation and presentation of this petition counsel was guided by the suggestions of this court in a case heretofore decided, in which we said:

"In analogy to the rule prescribed for allowing appeals, and to the practice in allowing writs of error in cases at law, the petition for revision may be presented to and allowed by a judge of the court of bankruptcy, or any one of the judges of this court." In re Abraham, 35 C. C. A. 592, 93 Fed. 783.

In the case now before us the bankruptcy proceedings were being conducted, as already mentioned, in the circuit court, which explains, if it needed explanation, the address of the petition to the circuit court. Section 24b provides that the power of review conferred upon this court shall be exercised on due notice and petition by any party aggrieved. It does not limit the time within which the petition shall be presented, allowed, and perfected. In this case the petition was presented to a judge of this court five days after the judgment was rendered which it seeks to have reviewed. It is not plain that immediate notice was not given to the parties, and the record shows that formal notice was served on the attorneys of record on the 1st day of August, 1900. The petition brings up the whole record of the action taken by the court conducting the bankrupt proceedings bearing upon the judgment sought to be reviewed, and we are clear, for the reasons stated in our opinion in Re Abraham, supra, that the petition for review and the action thereon, and the compliance with the order of the judge, properly bring before us the proceedings sought to be reviewed, and that the objection urged thereto is not well taken.

Counsel for the respondent sheriff further urge that the court of bankruptcy having been without jurisdiction to grant the orders

prayed for in the rule taken by the trustee, and the court having denied the rule, that action can be reviewed only, if at all, by an appeal to the supreme court. These questions are of perennial recurrence. It is to be observed that the question of jurisdiction is not the only one presented by the answer which the respondent sheriff made in the circuit court to the rule taken by the trustee; that in that court he submitted three other grounds on which he relied as defenses against the relief sought by the trustee. And it is to be observed further that the judge does not, on the face of the order made by him, ground his action on the want of jurisdiction in the court. We think the question of jurisdiction of this court is not well taken in this case. The language of the section cited seems clear to us:

"The several circuit courts of appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law proceedings of the several inferior courts of bankruptcy within their jurisdiction."

The words "within their jurisdiction" manifestly relate to territorial limits, confining this court to the exercise of the jurisdiction conferred to superintend and revise in matter of law the proceedings of the several courts of bankruptcy in this circuit. As we have already noticed, the action we are asked to review was taken as in a court of bankruptcy. And, assuming (which is not contested by the parties to this proceeding) that the action was the action of a court of bankruptcy, we refrain from the citation of further authority to show our jurisdiction. The subject of the controversy was money in the hands of an officer of the state court, the proceeds of the sale of property made under a judgment and decree of the state court fixing the amount due by the defendant in the suit in that court, and decreeing the statutory privilege and right of pledge granted and fixed by the state law in favor of the plaintiffs in that suit. The suit was begun and proceeded to judgment, and there was a seizure thereunder of the property subject to the privilege and right of pledge, and the same was advertised for sale, all before the beginning of the bankruptcy proceedings in this case. The bankruptcy proceedings were not involuntary. The state court had the amplest possession of the subject of the controversy and full jurisdiction of the parties at the date of the institution of the bankruptcy proceedings. There is no provision in the present bankrupt law which authorizes or permits the courts of bankruptcy, by the use of either summary or plenary process, to stop the proceedings of the state court in a suit in which it had already, before the institution of the proceedings in bankruptcy, obtained possession of the subject-matter and jurisdiction of the parties. What effect the provisions of the bankrupt act may have to stay proceedings in a state court is a question of which that court has full jurisdiction to decide, subject to prescribed methods of review, and which the courts of bankruptcy may not attempt to limit or control without a manifest disregard of that comity which is an essential element of our public law, and under which our state and national systems of judiciary work in admirable harmony. Certainly with, and probably without, an order of the court of bankruptcy, the trustee in this case could have made his application to the state court

in the suit therein pending, setting up his claim, or the claim of the estate he represents, to the proceeds in question. Or, in answer to the rule taken in that court by the sheriff, the trustee could have fully presented the claims and had the rights of the bankrupt estate in the proceeds adjudged in that suit. If the personal property seized and held by H. B. McMurray, civil sheriff for the parish of Orleans, had been held by him in his individual capacity, and, upon demand made on him by the trustee for the delivery up of the property, that demand had been refused on the ground that he had a right to hold it for the satisfaction of other claims upon it, the case would then be brought within the provision of section 23b, as construed by the supreme court of the United States (Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Mitchell v. McClure, 178 U. S. 539, 20 Sup. Ct. 1000, 44 L. Ed. 1182; Hicks v. Knost, 178 U. S. 541, 20 Sup. Ct. 1006, 44 L. Ed. 1183); and as construed by this court in Re Abraham, supra; and the trustee could not proceed in the court of bankruptcy against McMurray to enforce the recovery thereof, except by his consent. And it seems to us that, for a stronger reason, the court of bankruptcy cannot entertain a suit or rule against him when he holds the personal property and effects, or the proceeds, not as an individual adverse claimant, but as the executive officer of a state court of competent original jurisdiction.

It is unnecessary to notice the other matters set up in the sheriff's answer. The judgment of the court of bankruptcy is affirmed.