<hr />

(42 South. 221.)

No. 16,250.

SCHALL v. KINSELLA.

In re SCHALL.

(Nov. 12, 1906.)

1. LANDLORD AND TENANT—LIEN FOR RENT.
Where a lessor sues his tenant for one month's rent due him under a lease, and simultaneously seizes movables on the leased premises under the conservatory writ of provisional sei-

zure, the privilege which secures in favor of the lessor payment of his rent does not spring from the seizure, but is a lien granted as of the date of the lease by the law itself.

2. BANKRUPTCY—ADJUDICATION—EFFECT ON LANDLORD'S LIEN.
Where, pending such a suit and its ancillary seizure, the defendant before judgment is adjudicated a voluntary bankrupt in the bankrupt court, the effect of the adjudication is not ipso facto to abate the suit and release the seizure.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 290.]

3. SAME—SEIZURE BY LANDLORD—INTERVENTION BY TRUSTEE.
Where under such existing conditions the trustee makes himself a party to the suit and joins defendant in the defense by intervention, he cannot insist that the suit should be immediately dismissed, and the entire property seized should be turned over to him. The suit should be carried on contradictorily with himself until the rights of parties are finally adjudicated upon by the court. Should judgment be rendered in favor of plaintiff with recognition of the lessor's privilege, the property seized should be sold, and the plaintiff's debt and costs paid out of the proceeds; the residue of the proceeds being turned over to the trustee.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 320–333.]

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by Alois Schall against Thomas Kinsella. Judgment for plaintiff, and on appeal to the Court of Appeal the suit was dismissed, and plaintiff applies for a writ of review. Judgment of the Court of Appeal reversed, and judgment of the city court affirmed.

Oregon William Long, for applicant. Lyle Saxon, for respondent P. Gensler, Jr. Michael Dracos Dimitry, for respondent Thomas Kinsella.

## Statement of the Case.

NICHOLLS, J. The applicant for the writ of review in this case averred in his petition for that relief:

"That on August 1, 1905, he filed a suit in the First city court for rent and claimed the sum of $24 from the defendant, Thomas Kinsella. A writ of provisional seizure was also issued, and the contents of a grocery store seized

and taken in charge by the constable of the said First city court.

"That on or about August 14, 1905, plaintiff filed an amended and supplemental petition claiming an additional month's rent aggregating the sum total of $48 as claimed. That on August 15, 1905, defendant filed a suit in voluntary bankruptcy proceedings in the federal court, and prayed to be adjudged a bankrupt.

"That on the 19th of August, 1905, a petition of intervention was filed by the trustee of the bankrupt. That the said cause came up for trial regularly on the 15th of September, 1905, and judgment was rendered in favor of plaintiff, and the writ of provisional seizure maintained. A new trial was applied for by defendant trustee of the bankrupt and refused.

"That on September 18, 1905, both the defendant and the trustee of the bankrupt took a suspensive appeal to the honorable Court of Appeal for the parish of Orleans, and being docketed as cause No. 3,811 of said Court of Appeal. That the said cause came up for trial regularly in the Court of Appeal, and plaintiff again proved up his case; the defendant absent and not appearing. That on May 24, 1906, the said Court of Appeal rendered a judgment dismissing the said suit without prejudice to plaintiff's right to urge his claim in the bankruptcy court, and that his provisional seizure be released, and that the proceeds of the sale of the property seized and sold, after payment of all costs, be turned over to the trustee in bankruptcy (intervener herein) said assets to be administered in bankruptcy—all of which will appear by a copy of the judgment annexed hereto.

"That plaintiff believes said decree to be erroneous in so far as it dismisses the suit and releases the writ of provisional seizure.

"That plaintiff, being dissatisfied with said decree dismissing the said suit of plaintiff, filed a petition for rehearing as will appear by a copy annexed hereto.

"That on June 20, 1906, said Court of Appeal refused a rehearing in said cause, and the said decree of said Court of Appeal rendered on May 24, 1906, became final. That plaintiff annexes hereto certified copies of the decree of said Court of Appeal, of plaintiff's petition for a rehearing, and of said Court of Appeal's refusal of such rehearing. That plaintiff is informed and believes that there is error to his prejudice in said Court of Appeal's decree, in so far as it reverses said judgment of the First city court; that is, dismissing the suit and releasing the writ of provisional seizure. That, in accordance with rules 12 of this honorable court (28 South. iv), due notice has been given of plaintiff's intention to apply to this honorable court for a writ of certiorari to review the final decree of said Court of Appeal in said cause, as appears by the affidavit below, and that annexed is an assignment of errors which plaintiff believes to exist in said final decree."

Attached to the petition, under the heading of "Assignment of Errors," is the following:

"Plaintiff assigns as errors in the decree herein that there is error in said decree in dismissing the suit of plaintiff, and releasing the writ of provisional seizure which is specially provided for by law; the landlord having a lien and privilege, the priority or preference of which should not be affected, and no rule had been taken to dissolve or otherwise to set aside the writ.

"(2) That there is error in the judgment dismissing plaintiff's suit and referring the same to a federal court in bankruptcy to be there liquidated, and that the said Court of Appeal is without jurisdiction so to do in so far as it refers the case to another court; the state court having acquired jurisdiction first.

"(3) That the state court alone has jurisdiction, and, in cases where jurisdiction has been previously acquired by a state court of a suit brought in good faith to enforce a valid lien upon property, such jurisdiction will not be divested. The writ issued before any proceeding in bankruptcy was taken."

The judgment rendered by the Court of Appeal adjudged and decreed that plaintiff's suit be dismissed without prejudice to his rights to urge his claim in the bankruptcy court, and that the provisional seizure herein be released, and that the proceeds of the sale of the property seized and sold, and after payment of all costs incurred in this suit, be turned over to the trustee in bankruptcy, intervener herein; said assets to be administered in bankruptcy.

No recitals of facts are made by the court, and no reasons are assigned.

On the 1st day of August, 1905, the plaintiff, Alois Schall, instituted a suit in the First city court of New Orleans against Thomas Kinsella, the defendant, claiming that the latter was indebted to him in the sum of $24, amount alleged to be due him for rent for the month of July, 1905, as rent of certain premises in the city of New Orleans, and claiming that payment of said amount was secured by lessor's privilege on the movables contained in said premises. He prayed for a writ of provisional seizure, and that under said writ the said movables be seized and sold. The writ issued and was executed by the constable by seizure of the movables.

On August 7th the defendant filed excep-

tions followed by an answer; the exceptions being: First, that the petition was vague and indefinite; second, that it disclosed no cause of action. The answer was a general denial, except that he admitted having rented the premises corner of Galvez and Claiborne avenues from plaintiff, but denied that the amount claimed was correct or was due. On the 18th of August, before judgment could be obtained, Philip Gensler, claiming to be duly appointed and qualified temporary receiver in the matter of Thomas Kinsella, bankrupt No. 777 of the United State District Court, intervened in the suit. After reciting that all the stock and assets of the bankrupt, Thomas Kinsella, had been seized under a writ of provisional seizure by the constable of the court at the instance of the plaintiff, he averred that the court was without jurisdiction ratione personæ and ratione materiæ to hear and determine the cause, as the said property and assets of the bankrupt should pass to him as the temporary receiver aforesaid to be administered in the bankrupt court, and the plaintiff referred to said bankrupt court to enforce his lessor's lien and privilege. That said writ of provisional seizure was premature, as the defendant bankrupt did not owe any rent to the plaintiff as was alleged in his petition. That the allegations of the petition and supplemental petition filed by the plaintiff were generally vague and indefinite and did not declare a cause of action against the defendant and bankrupt.

In view of the premises he prayed that plaintiff be cited to answer the intervener, and that there be judgment declaring and ordering that plaintiff's suit be dismissed and his provisional seizure released, and that the stock of goods, stock, and assets of the bankrupt defendant be turned over to him as temporary receiver, to be administered in bankruptcy as the law directs.

Plaintiff answered the intervener. He averred that the proceedings taken were irregular and not founded in law and should be dismissed. In the event the exception was overruled, he averred that defendant was indebted to him in the sum of $48 (he having in the meantime filed a supplemental petition claiming an additional indebtedness of $24) ; the same being for July and August rent, 1905. That a writ of provisional seizure had been issued in the premises in accordance with article 287 of the Code of Practice in order to conserve his constitutional rights. He prayed for the dismissal of the intervention, and that he have judgment for $48, and that the writ of provisional seizure be maintained and his right of privilege on the the stock of goods seized be recognized and enforced.

On September 14th the trustee filed a supplemental and amended petition of intervention, in which he declared that he joined in all of the defenses set up by the bankrupt and defendant, and further pleads to the petition herein and shows that the suit of the plaintiff herein was filed at a time when the said plaintiff knew that he had no legal or just cause to file same and issue a writ of provisional seizure.

That the allegations of the original petition and the supplemental petition are false and untrue, and that the said defendant and bankrupt fully informed the plaintiff that his rights would be protected in the bankrupt court.

That the supplemental petition herein filed is irregular and illegal, and that the plaintiff is not entitled to the rent as therein claimed, as the lease and the monthly rent for the month of August was not due, and same was canceled by the adjudication in bankruptcy of the said bankrupt herein, and no lien can result therefrom on the property of the bankrupt now in the custody of the constable of this honorable court.

In view of the premises petitioner and intervener, the trustee herein, prayed to be allowed to file this supplemental petition of in-

tervention, and that after all and due and legal proceedings had that plaintiff's suit be dismissed with his costs, and for general and equitable relief in the premises.

On the 11th of September, 1905, the court overruled the exceptions, and on the 18th of September rendered judgment in favor of the plaintiff against defendant for $24, and maintaining the writ of provisional seizure which had issued, and plaintiff's privilege as lessor on the property seized. It further decreed that the balance of the claim sued for by plaintiff be dismissed. The defendant and the intervener, Gensler, appealed to the Court of Appeal, which court, after hearing, rendered the judgment which has been brought up for review.

### Opinion.

It may be well to state that by consent of all parties the constable was authorized by the city court to sell at public auction the property which had been provisionally seized; the rights of all parties being expressly preserved.

On examination we find that the demand of the plaintiff upon which plaintiff was suing the defendant when the latter on the 15th. of August, 1905, was adjudicated a bankrupt on his own petition, was for a personal judgment for $24. The claim sued upon was upon an unliquidated disputed claim for rent for the month of July, 1905; plaintiff praying simultanously for the recognition and enforcement of the lessor's privilege which he alleged secured payment of the debt sued upon. In his petition plaintiff prayed for the "conservatory" writ of provisional seizure in order to hold the property seized pendente lite. Before plaintiff's demand had ripened into a judgment the trustee in bankruptcy intervened in the city court, called the attention of the court to the fact that defendant had been adjudicated a bankrupt, and excepted that by reason of

that fact the jurisdiction of the city court was divested, and it could not proceed in the prosecution of plaintiff's demand. He asked that it be dismissed and the articles seized be turned over to him to be administered in the bankrupt court. Defendant joined in the exception to the jurisdiction.

The city court overruled the exception, and the case went to judgment, resulting in a judgment for plaintiff with recognition that his claim for rent was secured as to payment on the property seized under the writ of provisional seizure, by the privilege granted by law for securing the payment of rent, and decreeing the enforcement of the privilege by sale of the property held under the writ. The defendant and trustee both appealed to the Court of Appeal. That court reversed the judgment of the city court, dismissed plaintiff's demand without prejudice, and ordered the property provisionally seized to be transferred to the trustee in bankruptcy for administration in the bankrupt court. The correctness of that judgment is brought before us for review.

The trustee went into the state courts by intervention, before any judgment had been rendered in his favor upon his unliquidated disputed claim, and joined the defendant in resisting the same. The property was in the hands of the sheriff under a "conservatory" writ. The seizure itself gave plaintiff no privilege. It simply held the property pendente lite. If plaintiff had a privilege, it was one granted by the law, and not created directly by contract between the plaintiff and the defendant.

Plaintiff invoked the rule that, where the federal or state court has in a case pending before it taken possession of certain property which it retains for the purpose of subjecting it to a final judgment thereof, the federal court in the one case, or a state court in the other, has no rightful authority to disturb the possession, and the determination of the court

thus having possession will finally determine its status.

The contention of the trustee is that the title to all the property of the bankrupt vested in him, as of the date that he was adjudicated a bankrupt; that the effect of the adjudication was to cause plaintiff's suit to abate, not only by force of the fact that the defendant had no longer capacity in judgment to contest the claim, but because the privilege claimed had its origin within four months of the date of the adjudication in bankruptcy, and the adjudication destroyed the first privilege.

Assuming when the privilege claimed by a plaintiff in a suit pending in the state court is one created by statute, and not by contract between the parties, nor by force of the judicial proceedings and seizure thereunder, the privilege would fall if it had its origin within four months of the adjudication in bankruptcy, there is no evidence whatever that the lease by reason of which the privilege arose was made within four months. It was the duty of the trustee to have shown such fact, had it been a factor in the case. He did not do so. The privilege dates from the time of the creation of the lease, and not from the date of a particular month. We are of the opinion that plaintiff's suit and the accompanying seizure under the writ of provisional seizure did not abate ipso facto by the adjudication of the defendant a bankrupt. That the state court still retained jurisdiction of the particular suit, and particularly was this the case in the present instance. The trustee having made himself a party to the suit and contested plaintiff's demand, became a defendant in the case for the carrying on of the same to termination. After he had made such an appearance, the plaintiff had the right to proceed contradictorily with him to the final termination of the action. The plaintiff having obtained judgment in the city court in his favor with recognition of

the lessor's privilege and ordering its enforcement, the Court of Appeal erred in dismissing plaintiff's suit as it did, releasing the seizure and ordering the entire proceeds of the sale of the property seized to be turned over to the trustee by the constable, and referring the plaintiff for the liquidation and enforcement of his rights to proceedings in the bankrupt court. We think that court should have affirmed the judgment of the city court, directed the payment of the plaintiff's claim and costs out of the proceeds of the property, and directed the surplus to be paid over by the constable to the trustee.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be, and the same is hereby, annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that the judgment of the city court in favor of the plaintiff and against the defendant be, and the same is hereby, affirmed, and that plaintiff be paid the amount of the said judgment in his favor, and costs by privilege, out of the proceeds of the sale of the property seized, and that the surplus of the said funds be paid over by the constable to the intervener herein, the trustee.

In re Seebold, 105 Fed. 910, 45 C. C. A. 117; Marshall v. Knox, 16 Wall. (U. S.) 551, 21 L. Ed. 481; Brandenburg on Bankruptcy, §§ 251 et seq.; De Grilleau v. Boehm, 106 La. 476, 31 South. 74.