(69 South. 847)

No. 21382.

PIETRI et al. v. WELLS.

In re McLOUGHLIN.

(Oct. 18, 1915.)

*(Syllabus by the Court.)*

1. BANKRUPTCY $\Longleftrightarrow$ 20 — JURISDICTION OF STATE COURT—CONFLICTING CLAIMS.

Where the rights of the parties urging claims that conflict with one another on the same property or fund would be the same whether presented in the state court or in the bankruptcy court, the court which first assumed control and had jurisdiction of the property or fund may retain it all for the purpose of a final order or decree.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. $\Longleftrightarrow$ 20.]

2. BANKRUPTCY $\Longleftrightarrow$ 20 — JURISDICTION OVER PROPERTY—PROCEEDING IN STATE COURT.

Where the lien, in aid of which the process of a state court issued and was executed at any time, arose from the nature of the claim and not from the process of the state court, and was not affected by the bankruptcy statute, the bankruptcy court has no right to take the property out of the possession of the state court which assumed control and had jurisdiction of it before the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. $\Longleftrightarrow$ 20.]

Certiorari to Court of Appeals, Parish of Orleans.

Consolidated suits by Gaspar Pietri and Mrs. P. J. O'Reilly against John Wells, wherein James J. McLoughlin, trustee in bankruptcy of James J. McLoughlin, filed third opposition. Judgment for plaintiffs and third opponent was amended on appeal to the Court of Appeal, and third opponent applies for certiorari or writ of review. Affirmed.

See, also, 135 La. 1, 64 South. 922.

John Dymond, Jr., and A. G. Levy, both of New Orleans, for McLoughlin. Dinkelspiel, Hart & Davey, of New Orleans, for Knop. John J. Reilley, of New Orleans, for Murphy.

O'NIELL, J. The plaintiffs, Gaspar Pietri and Mrs. P. J. O'Reilly, filed separate suits against the defendant, John Wells, on duplicate sets of promissory notes, purporting to be secured by the same act of mortgage granted by him. Executory process issued on each petition on the 24th of February, 1913, and the two suits were thereafter consolidated. It is not disputed that the mortgaged property belonged to James J. Woulfe, and that the defendant, Wells, in whose name the title stood, had no interest in it.

Woulfe went into bankruptcy on the 27th of February, 1913, and surrendered the property which had been ordered seized in these suits.

James J. McLoughlin, who was appointed trustee of the bankrupt Woulfe, filed an intervention or third opposition in the foreclosure proceedings in the state court, and prayed that the sale of the property be enjoined; but he was unsuccessful. See O'Reilly v. Pietri, and Pietri v. Wells, 135 La. 1, 64 South. 922. In the meantime, the preliminary injunction having been dissolved on bond, the property was sold by the sheriff, who received approximately $1,527 as the net proceeds of the sale.

More than a year after Woulfe was adjudged a bankrupt, his wife, Mrs. Mary Murphy Woulfe, filed her petition of intervention and third opposition in the foreclosure proceedings in the state court, alleging that she held the first mortgage on the property by virtue of a marriage contract which had been recorded some years prior to the bankruptcy, to secure her claim of $10,000 for money which she had brought into the community of acquets and gains and which had been expended by her husband.

Having sold the property, the sheriff proceeded by rule against all of the parties interested to have the proceeds distributed.

McLoughlin, as trustee, contended that he was entitled to receive all of the proceeds of the sale, on the ground that all of the notes sued on were, as he alleged, forgeries of Woulfe; and, in the alternative, in the event any of the notes should be found to be genuine, he demanded that he be paid the balance of the proceeds after satisfying the genuine note or notes.

Judgment was rendered in the district court, declaring that the mortgage notes held by Pietri were genuine and ordering them paid by preference out of the proceeds of the sale of the property, and ordering that the balance of the proceeds be paid to the trustee, McLoughlin.

On appeal by Mrs. Mary Murphy Woulfe, the Court of Appeal amended the judgment of the district court in so far as it ordered that the balance of the proceeds, after payment of Pietri's notes, should be paid to the trustee, and the Court of Appeal decreed that the balance of said proceeds should be paid to Mrs. Woulfe in part satisfaction of her claim.

The case is before us on writs of certiorari and review issued on the petition of the trustee.

As is said in the brief filed by the trustee, the question presented is, not "has the civil district court jurisdiction to distribute the funds in hand?" but "to whom shall the funds be paid?"

It is conceded that the state court had jurisdiction to order the payment of Pietri's note, because he had instituted his foreclosure proceedings in that court before Woulfe was adjudged a bankrupt. But the trustee contends that the district court should have ordered the balance of the proceeds paid to him, the trustee, and not to Mrs. Woulfe, because her petition of intervention and third opposition was filed in the state court after Woulfe was adjudged a bankrupt. He cites the decision of this court in the case of Trager v. Cavaroc, 123 La. 319, 48 South. 949.

In the case cited, certain property and effects of the Cavaroc Company on leased premises were sold by the receiver of the corporation, and the proceeds were claimed by the lessor in satisfaction of his lien and privilege, and were also claimed by other creditors asserting conflicting liens. It was decided that, as the federal bankrupt statute did not affect the lessor's lien, the state court should deal with the lessor's rights on the funds in court according to the state laws, and that it was necessary for the state court to determine the rights of the other creditors claiming liens on the property and its proceeds, in so far as their demands conflicted with those of the landlord or lessor. It was held that, as the claims of the creditors, other than the landlord, arose out of the receivership, and, as the appointment of a receiver was itself an act of bankruptcy, the claims of these creditors whose names appeared on the account filed by the receiver (other than the landlord's claim) should be determined in the bankruptcy proceedings in the federal court.

The decision in the case cited does not support the contention of the trustee in the case before us.

The mortgage in favor of Mrs. Woulfe, having existed more than four months before the bankruptcy of the debtor, was not affected by the Bankruptcy Act of Congress (Act July 1, 1898, c. 541, 30 Stat. 544). The sale of the mortgaged property in the foreclosure proceedings in the state court released all mortgages on it, and relegated them to the proceeds in the hands of the sheriff. The district court had jurisdiction

137 La.—35

to determine the rank and order of preference of all mortgages and liens that were not affected by the bankruptcy statute. The state court's jurisdiction of Mrs. Woulfe's claim was not governed by the time or date at which she asserted her claim, but by the date when the mortgage securing it arose. Jurisdiction of Mrs. Woulfe's claim was vested in the district court by the fact that her mortgage rights were not affected by the Bankruptcy Act, nor by the bankruptcy proceedings. If Mrs. Woulfe's claim had a preference over that of the seizing creditor, the state court, having jurisdiction of the proceeds of the sale of the mortgaged property, would have jurisdiction to order that a sufficient amount of the proceeds to satisfy Mrs. Woulfe's mortgage be paid to her, and that the balance of the proceeds, if any, be paid to the seizing creditor.

[1] Where the rights of the parties urging conflicting demands would be the same whether presented in the state court or in the bankruptcy court, the court which first took jurisdiction and assumed control of the property may retain it all for the purpose of a final order or decree. Loveland on Bankruptcy, vol. 1, p. 138.

[2] Where the lien, in aid of which the process of a state court was issued and executed at any time, arose from the nature of the claim and not from the process, and is not affected by the Bankruptcy Act, the bankruptcy court has no right to demand possession of the property from the state court which assumed jurisdiction and control of it before the bankruptcy proceedings. Section 67d of Bankruptcy Act of 1898 (U. S. Comp. St. 1913, § 9651); Metcalf v. Barker, 187 U. S. 170, 23 Sup. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128; In re Seebold, 105 Fed. 910, 45 C. C. A. 117.

The only instances in which the bankruptcy court has the right to take over property of which a state court had jurisdiction and control previous to the bankruptcy proceedings are: (1) Where the proceedings in the state court created a lien on the property within the four months preceding the bankruptcy, void under section 67f of the act; (2) where the state court holds through a receiver, trustee, or assignee appointed within the four months preceding the bankruptcy, or whose appointment brought about the bankruptcy proceedings; (3) where the state court has taken possession of the property under a process issued under or in the enforcement of a mortgage or lien void under the Bankruptcy Act; and (4) where the property is held in the state court under insolvency proceedings superseded by or in conflict with the Bankruptcy Act. See Remington on Bankruptcy, vol. 1, 965, and Loveland on Bankruptcy, vol. 1, 140.

Our conclusion is that the judgment of the Court of Appeal is correct; it is therefore affirmed.