————o————

No. 6919.

## J. D. PASCAL v. A. R. HOLSCHEITER.

### *Syllabus.*

As long as property, or the proceeds of property, on which one has a privilege given by law, remains *in custodia legis,* he may assert and enforce that privilege against said property or proceeds, until such proceeds have actually been paid over to some third person.

Appeal from the Civil District Court, Parish of Orleans, No. 114,118, Division "A"; Honorable T. C. W. Ellis, Judge. Reversed.

Theodore Cotonio, for plaintiff and appellant.

Joseph H. Brewer, for intervener, appellee.

P. W. Murphy, curator *ad hoc.*

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The only question involved in this controversy is, who is entitled to be paid by preference out of a certain fund now in the hands of the Constable of the First City Court, under the following circumstances:

219

October 1st, 1915, Greenbaum Bros. filed suit upon an open account against A. R. Holscheiter, and on October 19th attached the contents of the latter's barroom.

October 20th, 1915, J. D. Pascal sued the same defendant for rent of the premises for the month of October due (October 1st) and provisionally seized the same property.

October 25th, 1915, J. D. Pascal sued the same defendant for the purchase price of said barroom and sequestered the same property under a vendor's lien.

October 29th, 1915, the contents of the barroom were sold in bulk and Pascal became the purchaser.

Meanwhile Pascal had been appointed consent keeper of the property seized, which property was allowed to remain in the leased premises, until the judicial sale and even until finally resold by Pascal about December 29th, 1915.

On December 20th, 1915, Pascal, by supplemental petition, claimed and obtained judgment for the rent of November and December (then due since November 1st and December 1st respecitvely), having, as we find, proved a lease to defendant expiring December 31st, 1915, the rent being payable monthly in advance.

On January 7th, 1916, Pascal took a rule on the Constable to show cause why he should not be paid the amount of his judgment in preference to all other claimants.

On January 11th, 1916, Greenbaum Bros., by intervention, opposed Pascal's rule and claimed a preference for themselves.

There was judgment below giving preference to Greenbaum Bros., and Pascal appeals.

Having found as a fact, as we do, that defendant had a lease expiring December 31st, 1916, Pascal, as his lessor had a lessor's privilege upon the property therein seized for the full amount of his lease. And the only question is whether or not anything in the foregoing recital shows that he has lost his said privilege either by law, or because he has done something which estops him from urging his claim to the prejudice of Greenbaum Bros.

We do not think so. Pascal has done no act which has in any way misled Greenbaum Bros. From the moment they seized the property he took steps at once to assert his lessor's privilege for the rent due, as well as his vendor's lien. It is true that by failing to have the property seized appraised and sold separately he lost his vendor's lien, but as soon as his rent for the balance of the lease matured he proceeded to assert his rights therefor upon the proceeds of the property which still remained in the hands of the Constable.

And the law is quite well settled that as long as property, or the proceeds of property, on which one has a privilege given by law, remains *in custodia legis* he may assert and enforce that privilege against said property or proceeds, until such proceeds have actually been paid over to some third person. *Robinson v. Staples*, 5 *An.*, 712; *Schall v. Kinsella*, 117 *La.*, 687; *Hall v. Wills*, 3 *An.*, 504; *Homestead Association v. Descheimer*, 11 *Court of Appeal*, 277.

There is, therefore, nothing in Greenbaum's claim that the lessor's privilege was lost by any failure to assert it in time, or because the property was removed from the premises more than fifteen days before said claim was made.

For, granting that the sale of the property to Pascal was equivalent to its removal from the premises, yet the

proceeds still remained *in custodia legis,* and liable for the rent until actually paid out to some third person.

Nor do we think that plaintiff's claim for rent was lost by Pascal leaving the property in the premises whilst he acted as consent keeper or even afterwards. The appointment of plaintiff as consent keeper was manifest for the purpose of saving costs, and it was the part of wisdom to leave the property in the premises then vacant because the defendant had abandoned them.

The fact that he left them in the premises for some time after he became the purchaser, is of no consequence, as it evidences no intention to take possession of the leased premises to the prejudice of the defendant had the latter chosen to return and occupy them. Pascal simply let the property remain on the premises, because there was no reason for removing it and no benefit to be gotten for any one by doing so.

Moreover, we feel that there is no equitable consideration urging us to look for technical reasons for rejecting Pascal's claim. We are satisfied that his claim for a vendor's lien would have been good, but for his oversight in allowing the sale of the property in bulk; and that claim alone far exceeds the amount now in controversy. In other words, the equities of this case are all with Pascal, and if he has lost his vendor's lien by a technicality, we do not feel disposed to search out another such for the purpose of defeating his lessor's privilege.

It is, therefore, ordered that the judgment appealed from be reversed, and it is now ordered that the rule herein taken by J. D. Pascal on January 7th, 1916, be made absolute, and the Constable is hereby directed to turn over to him, out of the proceeds now in his hands, a sum suf-

ficient to satisfy his claim for rent, amounting to One Hundred and Thirty Dollars, with legal interest from December 20th, 1915, together with his costs incurred in these proceedings; the balance if any to be paid to Greenbaum Bros.

Opinion and decree, February 5th, 1917.