BRUNOT, J.
 

 The issue in this case is. the ownership of a tract of land known as the “home place,” situated in Iberia parish.
 

 The question presented for decision is whether or not this tract of land was included in an act of mortgage given by defendant and her children to secure the indorsers of defendant’s note for $15,009, which was negotiated by her at the New Iberia National Bank.
 

 From a judgment in favor of plaintiffs, as prayed for, defendant has appealed. Plaintiffs contend that the “home place”
 
 *679
 
 contains 56.80 arpents; that it was included in the mortgage as item 1 thereof, and that it is described therein by metes and bounds.
 

 Defendant contends that the “home place” was not included in the mortgage; that it was acquired by her husband, Joseph Romero, in 1879; that it contains 48.44 arpents; and that it is described in the act of sale by which her husband acquired it by sectional subdivision.
 

 In the opinion of the learned district judge we find the following:
 

 “The home place, together with several other tracts of land in the fifth ward of this parish, which are the same given and described in the said mortgage, constituted and formed but one large plantation.”
 

 The record shows that defendant and her husband, many years prior to the' latter’s death, acquired nine small but contiguous tracts of land. In the deeds by which eight of the parcels of land were acquired, the property conveyed therein is described by metes and bounds. These nine parcels of land were converted into
 
 one
 
 large plantation. This plantation was the home of defendant and her husband and was occupied by them as such until the latter’s death. The conversion of the several properties into one plantation resulted in a complete effacement of all boundaries of the inner tracts, and left the outer tracts denotable only by their outer boundaries. Therefore these tracts have lost their identity as separate tracts, and it is no longer possible to locate them as such.
 

 The record is voluminous, but the case hinges upon a question of fact, and, from a careful reading of the testimony and documentary evidence, including our special consideration of the Gute Kunst and Kemper maps, found in the transcript at pages 107 and 117, we are of the opinion that the district judge correctly resolved the facts and accurately summarized them as follows:
 

 “The surveyor, Charles Gute Kunst, has placed and located, as testified to by him, and as shown by his plat of survey, the ‘home place,’ and the tract of land described under item 1 in said mortgage, as being one and the same tract. That is, that said item 1 is the home place, included in said act of mortgage. This is true, and it is fully supported by the testimony of the several witnesses, and by the outer boundaries of said tract, one which corresponds with the boundaries found by the surveyor and noted on his plat.
 

 “This fact is further substantiated and backed up by the actions and conduct of the defendant mortgagor, when she was financially embarrassed and when endeavoring to procure the indorsements on her note to borrow said amount, to secure the indorsers, she told them that she would mortgage to them all the property that she owned. The indorsers, believing they were amply secured by a mortgage covering all of her property, as well as that of her children, thereupon consented to indorse her note; the act of mortgage was executed, and the loan made by the bank. All of these facts, coupled with her actions and conduct, convinces me that she well knew all along that this particular tract was included in the mortgage. This is true, because, after the various sales were had and the ownership of these lands finally lodged in Mrs. Aurelia Theriot, widow of Leon Lozes, and then in her heirs by inheritance, all of whom went into possession of this and the other tracts up to the time that defendant moved on the home place, the defendant at no time exercised any acts of ownership, over the home place, in any manner, shape or form. It was never assessed in her name after these sales were made, nor did she pay any taxes due thereon. It was assessed in the names of the subsequent owners, and they paid the taxes. Her inaction at the time, and more especially at a time unsuspicious, * * * does not speak in her favor to sustain her claim that she did not include the home place in the mortgage. * * * The representations she held out to her indorsers induced them to indorse her note; she was very anxious to raise the amount needed, and without which she could not have borrowed it. The indorsers, on their part, say that they would not have indorsed her note for such a large amount unless the home place had been given and included in the mortgage.” Trans, pp. 167, 168.
 

 Both maps show that the 48.44 arpents known as the Home Place is inside the outer boundaries of other tracts forming the
 
 *681
 
 plantation, that it is hounded by these tracts on all sides except where a diagonal roadway forms about half of its eastern boundary, that it is the center of the northeastern part of the plantation, and that the residence and all of the improvements are located on it. It is therefore apparent that the exclusion of this tract from the mortgage would have dismembered the plantation with resultant diminution in value, especially of the eight tracts upon which there were no improvements.
 

 For this and other reasons given, the district judge says:
 

 “I must give preference, in a ease of this nature, to the official survey and the plat made thereunder by Gute Kunst, over the office plat of Mr. Kemper, made by him without having gone on the premises to survey the property and without reference to the act of mortgage, reference being made only
 
 to the
 
 titles of record to formulate the plat.
 

 “A true test to show that the contested tract was included in the mortgage, and which, as I have previously said, constituted together with the other mortgaged tracts in that section but one whole tract of land or plantation, is that all of the different tracts described in said mortgage and which form said plantation compute and correspond in area with all the area given by the Gute Kunst survey, with the exception of about two .arpents, whilst Kemper included a tract not mortgaged to complete the area of land mortgaged, and thereby left out the Home Place. The tract so included was not the property of defendant. The Gute Kunst survey and plat excluded that tract and gave the correct area, including the home place.” Trans, p. 169.
 

 The small discrepancy in acreage noted in the Gute Kunst survey and plat is accounted for by the opening of roads. As both surveyors agree that the northeast corner of the plantation is the only portion which corresponds, as to boundaries, with item 1 of the mortgage, and that the area of 56.80 arpents, no matter what shape it be given, would necessarily include the land claimed in this suit by defendant, there can be no question that this particular tract was included in and was a part of the property mortgaged. Moreover, the homestead waiver in the act of mortgage is destructive of defendant’s contention.
 

 Several years after the foreclosure proceedings which resulted in the adjudication of the mortgaged property to other parties, the title to which, by partition suits and by inheritance finally became vested in the plaintiffs, the tract in contest was adjudged, in bankruptcy proceedings brought by defendant, to be the defendant’s homestead. Federal courts cannot award a homestead to the debtor who has waived the homestead exemption in an act of mortgage, and where the mortgaged property has been previously sold under a foreclosure thereof. State courts alone have jurisdiction over homesteads. Pietri v. Wells, 137 La. 1087, 69 So. 847; C. J. vol. 7, p. 117, par. 194; p. 349, par. 616.
 

 We are of the opinion that the judgment appealed from is correct, and it is therefore affirmed at appellant’s cost.