No. ——

First Circuit

ARDIS & COMPANY, LTD., v. TURNER AND U. S. FIDELITY & GUARANTY COMPANY

(May 4, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1.   **Louisiana   Digest—Sheriffs   and   Constables,—Par. 39, 55.**

In view of Revised Statutes Article 3594 the sheriff who delivers goods held

under a writ of sequestration to the trustee in bankruptcy without an order from the district court or the consent of the plaintiff is liable for their value and his bondsmen are also liable.

Appeal from the Parish of Vernon, Hon. J. H. Boone, Judge.

Action by Ardis and Company against D. F. Turner and U. S. Fidelity and Guaranty Company. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Blanchard, Goldstein and Walker, of Shreveport, attorneys for plaintiff, appellee.

Hardin & Cavanaugh, Thompson and Ferguson, of Leesville, attorneys for defendant, appellant.

MOUTON, J. On October 13, 1923, plaintiff sued James S. Franklin in the District Court of Vernon Parish for $3400.00 the alleged price of a lot of goods he sold to said Franklin, claiming a vendor's privilege thereon, and obtained the issuance of a writ of sequestration under which these goods were sequestrated by D. F. Turner, sheriff of that parish. On May 15, 1924, the district judge rendered judgment for plaintiff company against Franklin for $2939.52, which expressly maintained the writ of sequestration, and recognized plaintiff's vendor's lien on the goods seized under the writ.

Plaintiff alleges that at some time between October 19, 1923, and June 24, 1924, D. F. Turner, sheriff of Vernon Parish, one of the defendants herein, illegally permitted the release of the goods he had under seizure without its consent or authority of the court of said parish. He further avers that on June 24, 1924, he caused a writ of fi. fa. to issue on the judgment it had obtained against Franklin which was returned *nulla bona* by said sheriff on the same day, and that it has been unable to realize anything on its judgment.

Plaintiff alleges that the goods thus released by the sheriff were worth $2000.00 and brings this suit against him in the present proceedings and the United States Fidelity and Guaranty Company, surety on his bond, for the value of these goods.

In the answer to the suit Turner, sheriff, and the United States Fidelity and Guaranty Company admit that plaintiff had a vendor's lien on the goods sold to Franklin, and that they had been sequestrated under the writ. A. T. Murphy, trustee in bankruptcy of Franklin who has intervened in this case, adopted the answer of defendant and admitted that the goods had been sequestrated under plaintiff's vendor's lien.

The sheriff admits in his answer that he surrendered the property seized to Murphy, trustee, but that this surrender had been made after Franklin had been adjudicated a bankrupt, and Murphy had been appointed trustee or receiver. He claims that his acts were therefore legal and that he should, with the surety on his bond, be exonerated from liability. He also pleads that Murphy, trustee, should have been made a party to the suit of plaintiff herein against James S. Franklin wherein judgment was obtained against Franklin, and upon which the fi. fa. was issued and returned *nulla bona.*. The intervenor, Murphy, adopted all the pleas, admissions and defenses urged in the answer of the sheriff, and the indemnity bond company, and in the alternative asked in the event that judgment were rendered against the sheriff that a like judgment be decreed against him as receiver of Franklin's bankrupt estate.

Judgment was rendered for plaintiff against the sheriff and the bonding company for $1298.64, from which Murphy, as trustee and intervenor prosecutes this appeal.

The record shows that in the case of plaintiff against James S. Franklin that the goods were seized by the sheriff in execution of the writ of sequestration on October 13, 1923, and were taken in his posession at that time. It is shown that the petition to have Franklin adjudicated a bankrupt was filed in the Federal Court on October 31, 1923, that he was adjudicated a bankrupt November 24, 1923.

It therefore appears that the seizure under the writ of sequestration had preceded the filing of the petition in the bankruptcy procedings by eighteen days, and the adjudication of Franklin as a bankrupt by more than one month.

In cases where the lien or privilege arises through legal proceedings or the process of the state court, the bankruptcy court as a rule has jurisdiction of the case under the bankruptcy statutes. This is not the case here. In the instant case the goods were seized under a writ of sequestration in enforcement of a vendor's lien. The lien arose from the nature of the claim, and not from the process of the court. The moment the sheriff took possession of the goods the district court of Vernon was vested with jurisdiction of the case. Lehman, Stern & Co. vs. Martin & Co., 132 La. 231, 61 South. 212. The subsequent appointment of Murphy, as trustee, did not give him the right to demand possession of the goods from the sheriff as the state court had assumed control and had jurisdiction over the property prior to the bankruptcy proceedings,. Pietri vs. Wells, 137 La. 1087, 69 South. 847, and authorities there cited. As the state court had assumed jurisdiction it had the right to retain it for a final order or decree. There is therefore no merit in the contention of the trustee that he was a necessary party to the suit. It was his duty to come into the District Court to have his rights litigated. The fact is that he appeared in that court as an intervenor. Having so appeared, he thereby subjected himself to the jurisdiction of that court. O'Reilly vs. Pietri, 135 La. 2, 64 South. 933. In such cases, where the plaintiff is proceeding on a recognized lien, the property seized should be sold, the plaintiff's cost paid out of the proceeds, and the residue turned over to the trustee. Schall vs. Kinsella, 117 La. 687, 42 South. 221.

As the sheriff delivered the goods to the trustee without an order from the District Court or the consent of the plaintiff, he is liable for their value. R. S., sec. 3594; Crane, Breed & Co. vs. Quinn, 23 La. Ann. 511; Arrowsmith vs. Gordon, 3 La. Ann. 105; Ray vs. Harris, 7 La. Ann. 138; Augusta Ins. Co. vs. Packwood, 9 La. Ann. 74.

The district judge gave plaintiff judgment for $1298.64, which the evidence shows he was fully entitled to recover. He gave a like judgment against Murphy, trustee, who had asked in his intervention that if the sheriff were cast in the suit that judgment be rendered against him as trustee, for the same amount.

As far as the record discloses no one seems inclined to interfere with the judgment so rendered by the court against the trustee which was granted in compliance with his judicial request, and which is hereby affirmed with cost.