# HICKS *v.* KNOST.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 512. Submitted May 14, 1900. — Decided May 28, 1900.

A District Court of the United States has jurisdiction, by the proposed defendant's consent, but not otherwise, to entertain a bill in equity by a trustee in bankruptcy to recover property conveyed to the defendant by the bankrupt in fraud of the Bankrupt Act and of his creditors.
*Bardes* v. *Hawarden Bank, ante,* 524, followed.

THE case is stated in the opinion of the court.

*Mr. Charles M. Peck* for appellant.

*Mr. Frederick Hertenstein* for appellee.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity in the District Court of the United States for the Southern District of Ohio by a trustee in bankruptcy, appointed by that court, against a creditor of the bankrupts, to recover money to the amount of $2780, paid by the bankrupts to the defendant, with intent to prefer the defendant and to defraud the creditors of the bankrupts, within four months before the institution of the proceedings in bankruptcy. Both parties were citizens of Ohio and residents of that district. The District Court dismissed the bill, for want of jurisdiction. 94 Fed. Rep. 625. The plaintiff appealed to the Circuit Court of Appeals for the Sixth Circuit, which certified to this court the following question:

"Has a District Court of the United States jurisdiction to entertain a bill in equity filed by a trustee in bankruptcy, appointed by it, against a fraudulent grantee or transferee of the bankrupt resident in its district, to recover the property belong-

ing to the estate of the bankrupt, and by him fraudulently conveyed to defendant?"

For the reasons stated in *Bardes* v. *Hawarden Bank*, just decided, the answer to this question must be that the District Court has such jurisdiction by the consent of the proposed defendant, but not otherwise.

*Ordered accordingly.*