NEW RIVER COAL LAND CO. v. RUFFNER BROS.

(Circuit Court of Appeals, Fourth Circuit.   February 20, 1908.)

No. 757.

BANKRUPTCY (§ 217*)—PROCEEDINGS IN STATE COURT—STAY.

The jurisdiction of the federal courts in bankruptcy in the administration of the affairs of insolvents and corporations, being essentially exclusive, on a corporation being declared bankrupt, proceedings against it in the state court, instituted to impose a lien on certain of the bankrupt's property, were properly stayed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Southern District of West Virginia, at Charleston, in Bankruptcy.

A. M. Prichard, for petitioner.
W. D. Payne, for respondents.

Before PRITCHARD, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

PER CURIAM. We have given careful consideration to the arguments submitted, and are of opinion that the order granting a stay of proceedings in the state court was clearly authorized by the bankruptcy act. In the administration of the affairs of insolvent persons and corporations the jurisdiction of the federal courts in bankruptcy is essentially exclusive. "The intent of the bankruptcy law," says the Supreme Court in Re Watts & Sachs, 190 U. S. 27, 23 Sup. Ct. 718, 47 L. Ed. 933, "is to place the administration of affairs of insolvents exclusively under the jurisdiction of the bankruptcy courts." Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Knight (D. C.) 11 Am. Bankr. Rep. 1, 125 Fed. 35.

The judgment of the court below is affirmed.