### CLARK v. NORWALK STEEL & IRON CO. et al.

(Circuit Court, N. D. Ohio, W. D. October 19, 1908.)

° No. 2,083.

BANKRUPTCY (§ 213*)—PENDENCY OF PROCEEDINGS—EFFECT.

Pendency of bankruptcy proceedings, prosecution of which is delayed, is no defense to petitions by interveners to foreclose mortgages covering land taken possession of in the receivership suit in which the intervening petitions are filed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 213.*]

In Equity. Suit by Arthur Clark against the Norwalk Steel & Iron Company and others. On demurrers to answers to intervening petitions. Demurrers sustained.

Ford, Snyder & Tilden, for complainant.
A. M. Beattie, for defendants.
Judge Malcolm Kelly, for Citizens' Bank and T. B. Taylor.

TAYLER, District Judge. The complainant, on the 7th day of January, 1908, filed his original bill in equity against the defendants, with the result that receivers were appointed, who, on the 9th day of January, under the order of the court, took possession of all the property of the Norwalk Steel & Iron Company. Whatever the fact may have

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been, the alleged ground upon which the receivership was sought was not insolvency of the corporation. On the 10th of January an involuntary petition in bankruptcy was filed against the Iron Company, alleging, among other things, that it had committed an act of bankruptcy in having receivers appointed on account of insolvency. To this bankruptcy petition the defendant replied, denying the allegation as to the acts of bankruptcy. May 26, 1908, Truman B. Taylor and the Citizens' Banking Company, of Sandusky, Ohio, were allowed, on application made to the court, to file their several petitions in intervention in this suit, setting up certain mortgages which they severally held against some of the real estate of the Iron Company, the possession of which had been taken by the receivers on the 9th day of January. In the meantime, nothing more had been done with the bankruptcy case. The Iron Company answered both of these intervening petitions, setting up the bankruptcy proceedings as a defense to the foreclosure of the mortgages in this suit in equity in the circuit court, and to these answers Taylor and the Banking Company demurred.

I see no reason why these demurrers ought not to be sustained. The Circuit Court has jurisdiction of this property. It is the only court into which any person may come to assert any rights which he has against the property.

The argument is made by counsel who filed these answers to the cross-petitions that the appointment of the receivers in this case is the very act of bankruptcy which they allege justified the filing of the petition in bankruptcy, and that, therefore, this court has no jurisdiction to foreclose the mortgage.

This contention may be answered in many ways. It is enough to say, in the first place, that at least until there is a determination by the bankruptcy court that the appointment of the receivers in this court constituted an act of bankruptcy by the alleged bankrupt, this court has unassailable jurisdiction; and, in the next place, that even if it was an act of bankruptcy, the Circuit Court, having had jurisdiction when the bill was filed and when the cross-petitions were filed, held the jurisdiction for all proper purposes for which the cross-petitions were filed and might proceed with the foreclosure of the mortgages.

The facts in this particular case illustrate the manifest impropriety of any other rule being asserted. Here are mortgage creditors, with claims not provable under the bankruptcy law if they intend, as these parties do, to stand upon their rights as mortgagees. The parties interested in the bankruptcy proceedings, for reasons of their own—and very proper reasons they may be—desire to postpone somewhat indefinitely the further prosecution of the bankruptcy case, in order that some arrangement may, if possible, be made among the parties interested. In the meantime, what is to become of these persons who have independent rights which are not to be affected in any sense by the bankruptcy proceedings? A court of equity having taken jurisdiction of the property itself, the mortgagees are not permitted to enter any other court, into which otherwise they might go, for their remedy, but must proceed in the court which has jurisdiction of and

has taken possession of the mortgaged property. Therefore, they have done the only thing that they could do, and are entitled here to have their rights enforced.

Both demurrers are sustained.