### In re BLUESTONE BROS.

(District Court, N. D. West Virginia. November 20, 1909.)

BANKRUPTCY (§ 217\*)—POWER OF COURT—STAY OF PROCEEDINGS IN STATE COURT.

    A court of bankruptcy is without authority to enjoin a suit in a state court to recover property from one claiming to have purchased the same from a bankrupt's trustee, where such property was not claimed nor scheduled by the bankrupt, nor in fact sold by the trustee, and the bankruptcy court, therefore, never had any jurisdiction over it, or to determine its ownership.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.\*]

In the matter of Bluestone Bros., bankrupts. On petition of William M. Ralphsnyder. Petition dismissed.

William M. Ralphsnyder has presented his bill of complaint, in the nature of a petition, in this cause, against Thornton H. Devault, setting forth the adjudication in bankruptcy of Bluestone Bros., both as partners and individuals, the reference of the cause to a referee, and the proceedings had before him whereby the property of bankrupts, consisting practically of a stock of goods, were appraised, ordered sold, and in fact sold under direction of the trustee duly selected, at which sale the plaintiff became the purchaser. It is then charged, in substance, that said stock of goods at the time of sale was in a storeroom belonging to the defendant, Devault; that such sale was made in such storeroom, and defendant, Devault, was present by his recognized agent; that all the goods, wares, and fixtures of every kind were sold in gross to plaintiff for $650, without reservation of any kind, and without objection on the part of defendant; that defendant, Devault, was party to the bankrupt

proceeding, and as a creditor had proven his claim, and subsequently was. paid the same out of the proceeds of sale; that subsequently, after plaintiff had removed the stock of goods from such storeroom and ceased to rent such room, as had been done verbally for a period of time by plaintiff, the defendant, Devault, instituted against him an action of detinue before a justice of the peace for the recovery of certain specific articles, in the nature of furniture and fixtures, which had been so sold by the trustee in bankruptcy to plaintiff, and judgment had been rendered by the justice in such action for such articles, or, in case they could not be secured, for their money value ascertained; that from this judgment an appeal was taken by plaintiff, but it was subsequently confirmed upon jury trial by the state circuit court. It is charged that these articles so recovered were the property of the bankrupts, were sold as such, that defendant was party to the bankrupt proceeding, shared in the proceeds of sale, and was guilty of contempt of the bankrupt court in thus seeking to thwart its orders and decrees. An injunction was prayed, and granted, staying the enforcement of the judgment until the matters could be inquired into. Answer has been made by defendant, the matter has been referred to a referee to take the evidence, his report is filed, and the cause has been submitted for determination.

Dent & Dent, for petitioner.
Ogden & Ogden and E. M. Showalter, for defendant.

DAYTON, District Judge (after stating the facts as above). The very interesting question of to what extent a bankrupt court has jurisdiction and power, after sale confirmed under its orders, to protect the title of property in the purchaser at such sale, was presented by this bill, and to determine this question was the purpose of granting the injunction herein. It is no longer an open question in this (Fourth) circuit that the jurisdiction of the federal courts in bankruptcy is essentially exclusive, and that a District Court, as a court of bankruptcy, has power to stay proceedings of a state court, seeking to take away from its trustee either the property itself or to impose a lien upon it. New River Coal Land Co. v. Ruffner Bros., 165 Fed. 881, 91 C. C. A. 559.

But some doubt arises as to whether such jurisdiction could extend to the protection of the property after it has been sold and delivered to the purchaser. This question it becomes wholly unnecessary to decide in this case. It is only necessary to say that, in any event, the defendant, Devault, could only be stayed in his right to assert claim in a state court to the property under two conditions of things: First, in case there was conflicting claim to the property between himself and the bankrupt, which claim he had asserted in the bankruptcy court, and it had been there determined, or, being made a party to the proceeding, he had refused or failed there to assert his right, being called upon so to do; second, had by his fraudulent conduct at the time of sale, either by direct representation or by silent acquiescence, secured or allowed plaintiff to buy his goods, mingled with those of the bankrupts, as goods of the bankrupt properly to be sold.

The evidence in my judgment wholly refutes the contention that either of these contingencies arose in this case. It is substantially undisputed that the articles claimed by Devault belonged to him, and that bankrupts could and did make no claim to them whatever. The original lease filed, whereby Devault leased the storeroom to Bluestone Bros., specified that these specific articles were leased in connec-

tion, and upon the same conditions, with the room. The trustee, therefore, had no interest in these specific articles, and the bankrupt court could take no jurisdiction over them. It was not Devault's duty to intervene and prove his right in the bankruptcy cause, for the simple reason that neither the bankrupts themselves nor the trustee made any claim to them. The schedules filed by the bankrupts show this, so far as they are concerned. Nor was there any fraudulent conduct on the part of Devault, at the time of the sale, that would estop him from disputing plaintiff's title under purchase there made. On the contrary, it is clear that his agent notified the trustee's agents, making the sale, that he claimed these items of property, and furnished or offered to furnish the list of them, and that the auctioneer, if he did not actually reserve them from sale, did announce publicly that there was doubt or dispute as to their ownership, and that he was only selling such right to and interest therein as the bankrupts had, if any. If plaintiff was not present to hear this announcement when the sale began, but subsequently came in and purchased under misapprehension that he was buying "everything in the storeroom," it was his misfortune, but not Devault's fault.

The injunction must be dissolved, and the bill dismissed.