### In re DONNELLY.

(District Court, N. D. Ohio, W. D. November 12, 1910.)

No. 1,534.

BANKRUPTCY (§ 217*)—RESTRAINING PROCEEDINGS IN STATE COURT—JURISDICTION.

A federal district court has jurisdiction in a bankruptcy proceeding to enjoin prosecution in a state court of suit to foreclose a mortgage, the giving of which, while insolvent, is relied upon as an act of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In the matter of Michael Donnelly, bankrupt. On motion to dissolve a temporary injunction. Motion overruled.

Potter & Potter, for petitioners.

E. N. Warden and Doyle & Lewis, for bankrupt.

KILLITS, District Judge. In March, 1909, Louis Becker, claiming to be a creditor of Michael Donnelly, filed a petition in involuntary bankruptcy against Donnelly in this court, and, among other alleged acts of bankruptcy, charged in the petition that within four months prior to the filing of the petition, while insolvent, and for the purpose of defrauding, hindering, and delaying his creditors, and with intent to prefer the creditor hereinafter named over his other creditors, said Donnelly conveyed 100 acres of land in Henry county, Ohio, by mortgage, to one J. D. Groll, to secure the sum of $15,000, which mortgage was recorded on the 9th of December, 1908. Donnelly answered the petition, taking issue with the allegations asserting him to be a bankrupt and demanding a trial by jury, and that question is yet to be tried. In August last, the petitioning creditor, Becker, filed a petition in this case for an injunction, alleging that one Dennis D. Donovan, assignee of the Citizens' State Banking Company, of Napoleon, Ohio, has begun an action in the common pleas court of Henry county, Ohio, against said Donnelly and others, to foreclose the mortgage above described, and asking for a writ of injunction forbidding said assignee Donovan or any person under him from further prosecuting the foreclosure suit in the state court, and asking for the appointment of a receiver in this proceeding. Upon this petition a restraining order was issued without notice, and the matter is now before the court upon the motion of the assignee

Donovan to dissolve the temporary injunction upon three grounds; the principal one and the only one which the court cares to consider being that this court in this case is without jurisdiction in the premises. The motion is overruled as to the other grounds without comment.

Counsel for the assignee, in arguing the motion, relies principally upon the cases of In re Wells (D. C.) 114 Fed. 222, In re Brown (D. C.) 104 Fed. 762, and an opinion by Judge Tayler, of the Circuit Court of this district and division, in the case of Arthur Clark v. Norwalk Steel & Iron Company, 188 Fed. 999.

Collier, in the eighth edition of his work on Bankruptcy, on page 32, note 88, suggests that the court in Re Wells carries the doctrine of comity too far, and in note 174 on page 50 suggests that this case cannot be considered of much authority outside of its own district. Whether or not this comment is just, the facts of the case are so different from the facts of the case at bar as to make it easily possible to distinguish the propositions involved in the respective cases, for, to use the language of the court in the Wells Case, the situation there was this:

"After the petition in bankruptcy was filed, but before the receiver was appointed, and before the adjudication of bankruptcy, the state court took possession of the property now in controversy. The trustee, by direction of the referee, appeared in the state court, and asked leave (which was granted) to defend against the action in replevin. He filed his answer therein a year or more ago. The trustee now filed in this court his bill in equity, asking that the carriage company, by writ of injunction, be enjoined from the further prosecution of the replevin action in the state court."

The Brown Case, in 104 Fed., was a case in which the bankrupt had no possession of the property at the time of the filing of the petition in bankruptcy, but it was in the possession of a creditor, who held it on pledge with power of sale, and the case simply decides that the court may not enjoin the exercise of such power where there is no claim that the same will be exercised in a fraudulent or oppressive manner, and the case is one of those cited by Remington on Bankruptcy, p. 1089, as authority for this rule, depicting the summary jurisdiction of the bankruptcy court:

"If the possession, actual or constructive, is in the bankrupt or in his agent or in some one not claiming a beneficial interest in it, or is in the receiver, marshal, or trustee in bankruptcy, the bankruptcy court has summary jurisdiction over it by orders made in the bankruptcy proceedings themselves, and may summarily order its surrender or delivery, may bring all parties claiming interests in it into court, and may determine all rights to it. If, on the other hand, some third party claiming some beneficial interest in the property has possession, * * * then such third party need not come into the bankruptcy proceedings for his rights."

In the Clark Case, in this district, the facts were that the property was in the hands of the Circuit Court through a receiver before an involuntary petition in bankruptcy was filed, which alleged, among other things, that the obtaining of the appointment of a receiver was in itself an act of bankruptcy. In the case in the Circuit Court certain parties were allowed, upon their application, to file intervening petitions setting up mortgages against real estate in the posses-

sion of the receiver, and asking to have the mortgage foreclosed. In the meantime, nothing more had been done with the bankruptcy case, but the alleged bankrupt answered the intervening petitions, setting up the bankruptcy proceedings as a defense to the foreclosure of the mortgages, and the matter was before the court upon the demurrers of the mortgagees to these answers, and the court held that the property was in the jurisdiction and custody of the Circuit Court, and that it was the only court in which any person under the circumstances could come to assert any rights which he had against the property.

The great distinction between the Wells Case, and the Clark Case, on the one hand, and the case at bar, lies in the fact that in those cases the property in question was actually in the custody of the other court, whereas in this case the property is not in the custody of any court, but is in the possession of the bankrupt subject to the determination of these bankruptcy proceedings, and the relief sought is to restrain a creditor from enforcing an alleged lien, the creation of which is before this court for consideration upon a claim that it was of itself an act of bankruptcy. This court regards this distinction between the facts as vital.

The court finds, for the exercise of the power attacked in this motion, authority in subdivision 15 of section 2 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]), wherein jurisdiction is given "to make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act." Collier, in commenting on this provision (8th Ed. pp. 49, 50), says:

"Generally speaking, it may be availed of to compel anything which ought to be done for, or to prevent anything which ought not to be done against, the enforcement of the law; provided the court of bankruptcy has jurisdiction of the person or the subject matter. * * * Early in the administration of the present law, the injunction was frequently used to prevent the dissipation of assets to which the bankrupt had title. * * * The power to enjoin is inherent in the court of bankruptcy as a court of equity. * * * That the broad phrasing of subdivision 15 amounts to an express ratification of this inherent power has not been doubted. The exercise of it, like the quasi criminal remedy of contempt, is essential to the due enforcement of the act."

And cases are numerous in which this power has been exercised as broadly as here expressed by Collier.

The question primarily is: What is the effect upon the bankrupt's property as a result of the filing of the petition?

In the case of Mueller v. Nugent, 184 U. S. 1 (quoting from page 14), 22 Sup. Ct. 269, 275 (46 L. Ed. 405), the court says:

"It is as true of the present law as it was of that of 1867 that the filing of the petition is a caveat to all the world and in effect an attachment and injunction."

The Circuit Court of Appeals for the Eighth Circuit in Re Dempster, 172 Fed. 353, says, on page 355, 97 C. C. A. 51, on page 53:

"The court in which the petition is filed has plenary jurisdiction in bankruptcy throughout the United States. Within that limit all the estate in the

possession of the bankrupt or held by another as his property is brought immediately within the custody of the court and made subject to its protection. The filing of the petition is an attachment of the estate, and an injunction restraining any act which will interfere with its administration in bankruptcy. This jurisdiction is national, and takes no account of districts or states."

In the case of In re Weinger, Bergman & Co. (D. C.) 126 Fed. 875, Judge Holt said on page 876:

"I think that, when a petition is filed before a state court acts, the state court cannot by any subsequent action claim to have first taken possession of the res. The fact that the bankruptcy court may not have yet made an adjudication, and that no receiver or trustee has yet been appointed, in my opinion, is immaterial. The bankrupt's property is within the jurisdiction of the bankruptcy court as soon as the petition is filed, so far as to prevent a state court which subsequently seizes the property from being held to have first obtained exclusive jurisdiction."

In 148 Fed. page 464, in Re Duncan, the court says (page 468):

"The filing of a petition against him (the bankrupt) is a caveat to all the world, and all persons dealing with him during the interval from that date to the date of final adjudication do so at their peril. The property of the bankrupt, after the filing of the petition against him and before adjudication thereon is in custodio legis. It is subject to the prehensory power of the court. and the person against whom such petition has been filed cannot make any legal disposition of it. No creditor can lay hands on it, and no court, state or federal, can attach it. It is under the sole and exclusive jurisdiction and control of the bankruptcy court."

In the case of In re Briskman, 132 Fed. 201, Judge Hazel, of the District Court of the Western district of New York, said on page 202:

"That the property of the bankrupt comes within the jurisdiction of the bankruptcy court upon the filing of either a voluntary or an involuntary petition is not controverted. Neither is it disputed that this court has the power to prevent a state court from exercising exclusive jurisdiction over property of a bankrupt seized subsequent to the filing of a petition in bankruptcy."

Almost the exact action of this court attacked in this case has been sustained in numerous cases, of which we cite but a few.

In the case of In re Jersey Island Packing Co., 138 Fed. 625, 71 C. C. A. 75, 2 L. R. A. (N. S.) 560, on a petition for revision of an order of the District Court of the United States for the Northern District of California, the Circuit Court of Appeals denied the petition. In that case there was a trust deed to secure debts not due at the time of the filing of the petition in involuntary bankruptcy. The District Court enjoined the grantees under this trust deed from selling the property therein conveyed, holding that subdivision 15 of section 2 granted such power to the District Court. In this case the petition for injunction, as in the case at bar, was filed by unsecured creditors of the alleged bankrupt.

In the case of In re Dana, 167 Fed. 529, 93 C. C. A. 238, wherein the Circuit Court of Appeals of the Eighth Circuit denied a petition to revise, this question was before the court, as stated in the opinion of the Circuit Court of Appeals, on page 529:

"The principal question arising on this petition to revise is whether a District Court of the United States, in which proceedings in bankruptcy are

pending, and which is in the actual possession of certain real property conceded to belong to the bankrupt, has jurisdiction to determine the amount and order of priority of liens thereon, and to liquidate such liens, to the end that the property may be sold free of incumbrances, and in aid thereof to enjoin the lienholders from prosecuting the foreclosure of their liens in a suit brought in a state court before the commencement of the bankruptcy proceedings, but within four months thereof; and this, though the lienholders object to such jurisdiction, and it is not contended that their liens are preferential or fraudulent, or invalid for any other reason."

This question the Circuit Court of Appeals, following the District Court, answers in the affirmative, and the case has peculiar strength because of its very differences in facts from the case at bar. In it, the action to foreclose was brought before the filing of the petition in involuntary bankruptcy, and the lien was not attacked as fraudulent or preferential, and yet, under the authority on which that court relies, it was held that foreclosure might be restrained.

The case of New River Coal Land Co. v. Ruffner Bros., 165 Fed. 881, 91 C. C. A. 559, in which the Circuit Court of Appeals of the Fourth Circuit denied a petition to revise may also be cited.

The case of Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, is also instructive. In that case, a bankrupt, nine days before the filing of a petition in bankruptcy against him, made a general assignment, which was alleged to be an act of bankruptcy. After the filing of the petition, the assignee sold the property. After the adjudication and before the appointment of a trustee the petitioning creditors applied to the District Court for an order to seize the property sold by the assignee. The property was taken through the marshal, notice being given to the purchaser of the property to appear and propound his claim. The purchaser came in and alleged that he bought the property for cash in good faith, and asked for protection and that the creditors be remitted to their claim against the assignee for the price. The court held that the purchaser had no title whatever to the property superior to the bankrupt's estate, and that the equities between him and the creditors should be determined by the District Court.

It appears from the facts involved in the cases cited that the power now questioned has been upheld on the theory that the bankruptcy court should be allowed full sway in attempting to conserve the bankrupt's equity of redemption, that the most might be made thereof for the unsecured creditors. The mortgagee is as completely protected in this court as he could be in the state court, and here is the only forum in which the contingent interests of the general creditors may be fully protected. If the power exists to stop the foreclosure of an unquestioned lien, as the fact appears, a fortiori it is present under circumstances such as those here, wherein an attack on the validity of the lien is one of the supports of the petition in bankruptcy.

The fact that the lien is in the hands of an officer of a state court is a mere incident; to all intents, as far as this case is concerned, the status of the assignee is just that of a private creditor, or what that of the original mortgagee would have been, and no more.

The motion should be disallowed.