## ROSENTHAL v. HELLER et al.

(District Court, M. D. Pennsylvania. July 9, 1920.)

### No. 286.

Equity ⊂⇒53(2)—Objection to jurisdiction because of adequate remedy at law may be waived.

A suit in equity will not be dismissed, under Rev. St. § 723 (Comp. St. § 1244), on the ground that complainant has an adequate remedy at law, where defendant has waived his right to make such objection, which is a personal privilege, by entering his defense on the merits.

In Equity. Suit by David Rosenthal, trustee in bankruptcy of Joseph Lederman, against Sol Heller and others. On motion to dismiss bill. Denied.

D. Rosenthal, G. Fred Lazarus, W. M. Reynolds, Jr., and S. M. O'Hara, all of Wilkes-Barre, Pa., for plaintiff.

A. Hourigan, Abram Salsburg, D. Oppenheimer, and M. J. Mulhall, all of Wilkes-Barre, Pa., for defendants.

WITMER, District Judge. Plaintiff by his bill in equity is endeavoring to recover from defendants the value of merchandise sold by a constable on execution issued upon judgments confessed by bankrupt within four months of his adjudication in bankruptcy; such sale and disposition of bankrupt's property, it is alleged, having been fraudulent and with intent to cheat the creditors of the bankrupt. To accomplish what plaintiff is here attempting could no doubt be accomplished by an action at law, and where such remedy is afforded a suit in equity will not be sustained, unless waived by the parties. The provisions of section 723 of the Revised Statutes of the United States (Comp. St. § 1244), that suits in equity shall not be sustained in the courts of the United States where there is an adequate remedy at law, was enacted to secure a privilege to a defendant which he may waive (Warmath v. O'Daniel, 159 Fed. 87, 20 Am. Bankr. Rep. 101), either by actual consent (Hicks v. Knost, 178 U. S. 541, 20 Sup. Ct. 1006, 44 L. Ed. 1183), or by acquiescence. See Hollins v. Brierfield Coal & Coke Co., 150 U. S. 371, 380, 381, 14 Sup. Ct. 127, 37 L. Ed. 1113; and Brown v. Lake Superior Iron Co., 134 U. S. 530, 536, 10 Sup. Ct. 604, 606 (33 L. Ed. 1021) where it was said by Justice Brewer:

" * * * If the objection of want of jurisdiction in equity is not taken in proper time, namely, before the defendant enters into his defense at large, the court having the general jurisdiction will exercise it; and in a note [in 1 Dan. Ch. Prac. (4th Am. Ed.) p. 550] many cases are cited to establish that. 'if a defendant in a suit in equity answers and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff had a plain and adequate remedy at law. This objection should be taken at the earliest opportunity.' "

The defendants having entered their defense upon the merits at large, they have waived their right to a trial at law, and their motion to dismiss will be denied.