GRINNELL OVERLAND COMPANY, Appellant, v. MERCHANTS NATIONAL BANK et al., Appellees.

**BANKRUPTCY:** Jurisdiction of Courts—Setting Aside State Judgment. A judgment of the bankruptcy court that named property be freed from a preferential judgment of a state court is a finality, except on appeal in said bankruptcy proceeding, and precludes the state court from in any manner readjudicating the right of the plaintiff in such preferential judgment to said property.

*Appeal from Grinnell Superior Court.*—J. H. P. ROBISON, Judge.

JANUARY 11, 1921.

REHEARING DENIED MAY 10, 1921.

ACTION to recover $600 with interest. Defendants denied the jurisdiction of the state court, and entered plea of former adjudication. Petition was dismissed by the trial court, and judgment entered against plaintiff for costs. Plaintiff appeals. —*Affirmed.*

*Dan Davis* and *Liston McMillen,* for appellant.

*J. G. Shifflett,* for appellees.

DE GRAFF, J.—On motion of the defendants, the trial court entered judgment on the pleadings. Briefly stated, the facts are these: On February 28, 1918, the Grinnell Overland Company obtained judgment in the Grinnell superior court against one Thos. L. Mintle, on two promissory notes. This suit was aided by attachment of an automobile for which the notes had been given at the time of sale. Special execution issued on the 15th day of March, 1918, and the city marshal, by virtue of the execution, proceeded to advertise and sell the automobile. On April 13, 1918, Thos. L. Mintle, upon voluntary petition in bankruptcy, was adjudicated to be a bankrupt, and appellee Gruhn was appointed trustee of his estate.

The trustee forthwith made application to the bankruptcy court at Des Moines, in which court said estate was pending, for an order to set aside the said judgment and to require the said marshal to turn over to the trustee the automobile in question for the benefit of the creditors of the bankrupt estate. Plaintiff entered his appearance, and made resistance to said motion.

On the 11th day of May, 1918, the referee in bankruptcy, Frank J. Comfort, entered an order directing the marshal to turn over the said automobile to the trustee, for the reason that a preference had been obtained by the said judgment on the notes, which were not secured by mortgage, nor did said indebtedness have any priority by way of conditional bill of sale, and within the four-months period. Plaintiff then filed petition for review in said matter in the district court of the United States, southern district of Iowa, central division; and, on the 24th day of January, 1919, the petition was denied, and the order of the referee was confirmed.

It further appears that, prior to the final order confirming the action of the referee in bankruptcy, the automobile, by agreement of the parties to the action, was sold, and the proceeds of the sale, $600, were deposited in the defendant bank, to be held in escrow, pending further proceedings in the bankruptcy court. The agreement read as follows:

"The $600 to be delivered by said bank to either Grinnell Overland Company or F. W. Gruhn, trustee, upon the final determination by said United States court as to who is entitled to said money. Said authority of the bank to turn over to the proper person said $600 to be an order or certificate from said bankruptcy court."

On the 7th day of March, 1919, there was filed in the superior court of Grinnell the amended and substituted petition in this case. This petition is predicated on the theory of a trust, and it is claimed that the bank became the resulting trustee of the plaintiff, who denies that the trustee in bankruptcy has any interest in the fund. The prayer of the petition was:

"That plaintiff have judgment and decree against the bank for $600, with interest from the date of the suit, and that F. W. Gruhn, trustee, be forever barred, enjoined, and estopped from

having or claiming or asserting, by suit or otherwise, any interest in said check or proceeds of the same.''

Defendants for answer denied certain allegations of the petition, and, after stating the history of the case as hereinbefore outlined, pleaded that the issue involved had been adjudicated, and that no appeal or review had been taken or perfected from the ruling or order of the United States district court or the judge thereof; and prayed that the petition be dismissed at plaintiff's costs.

The ruling of the trial court in entering judgment on the pleadings is correct. The judgments, decrees, and orders of a bankruptcy court possess all the attributes of finality and are accorded the same dignity as judgments emanating from courts of general original jurisdiction. *Henderson v. Denious,* 186 Fed. 100; 2 Remington on Bankruptcy (2d Ed.), Section 1777 3/4.

It is well recognized that proceedings in state courts whereby it is attempted to levy upon or seize property in custody of the bankruptcy court may be enjoined. In *In re Bluestone Bros.,* 174 Fed. 53, it is said:

''It is no longer an open question * * * that the jurisdiction of the Federal courts in bankruptcy is essentially exclusive, and that a district court, as a court of bankruptcy, has power to stay proceedings of a state court seeking to take away from its trustee either the property itself or to impose a lien upon it.''

It is not necessary to pursue the provisions of the law of bankruptcy in relation to the facts in this case. The application of the law was a matter exclusively within the jurisdiction of the Federal court. The appellant's rights were exhausted and further action precluded, except by appeal, when the Federal court, on review, held with appellee trustee, and against appellant. The judgment of the lower court is—*Affirmed.*

Evans, C. J., Weaver and Preston, JJ., concur.