BREAUX, C. J.
The property involved in this suit was sold by Christian D. Rodick, Jr., *4 to John Wells for $2,500, payable, cash $800, and the balance in two notes of $800 each at one and two years’ maturity. This was on the 10th day of June, 1910. On the same day Christian D. Rodick, the vendor, sold and delivered to Gaspar Pietri, appellee, the two notes before mentioned of $800 each, and he delivered a policy of insurance on the property, issued in favor of John Wells, duly assigned by Rodick to Wells. Gaspar Pietri collected at maturity the one note of $800 maturing in one year, and on the note due in two years he collected $261.65, leaving a balance of $538.35 on the principal.
On February 24, 1913, Gaspar Pietri, holder of one of the notes on which there remained an unpaid balance, sued out executory process. After the required demand of payment, a writ of seizure and sale was issued; notice was served. On March 7, 1913, the sheriff began to advertise the property for sale, the sale to be made April 10, 1913.
On April 3, 1913, the trustee of James J. Woulfe filed an intervention and third opposition in which he alleged that Woulfe was a bankrupt, and that he had been appointed trustee of Woulfe’s bankrupt estate, that he had fraudulently placed the title of his property in the name of John Wells, that he (Woulfe) had forged the name of Wells to the note and to the account sued on, and that Woulfe is the owner, and that by reason of this the trustee was entitled to the injunction without bond under articles Y39 and Y40 of the Code of Practice; and the court granted the order, issued the restraining order without bond, which was served on April 4, 1913.
Gaspar Pietri the next day bonded the injunction; the advertisement of the sale was not interrupted; the sale was made on April 10, 1913.
Gaspar Pietri and the civil sheriff filed rules on the trustee, McLoughlin, for the dissolution of the injunction on the ground of the untruthfulness of the .allegation for the injunction; that Woulfe, the bankrupt, was estopped from pleading his own wrong; that, if any one is entitled to an injunction without bond, it is John Wells alone, the defendant in the executory process, and not Woulfe ; and, lastly, that the petition disclosed no cause of action for an injunction.
Subsequently the trustee of Woulfe filed a supplemental and amended petition in which he alleged that the property was valued at $3,000 on the bankrupt’s schedule. An exception of no cause of action was pleaded to this last-amended petition.
The district judge properly dismissed the injunction.
On the 22d of May, 1913, a devolutive appeal from the judgment dissolving the injunction was taken by the trustee.
[1] Defendánt in executory process is entitled to an injunction without bond, but not an' intervener. The intervener is not the debtor, who only can arrest the sale. That right under express law does not include the intervener. Code of Practice, arts. 739, 740.
This construction is sustained by article 740, which, in substance, provides that the judge granting the injunction shall require surety from the defendant.
The intervener appellant seeks to have proceedings recalled in order that his intervention may be heard again.
It would become necessary to turn back the needle of time. This cannot be done in these proceedings, which resulted in the adjudication of the property to a third person.
The adjudication cannot be annulled without making him a party to the proceedings.
The property is an immovable. If the federal courts have jurisdiction, it can be exerted without reversing the judgment in this case.
The intervener has asked the state court for judgment declaring the signature of the defendant to the notes sued on by plaintiff, in this case forgeries at the hand of James J. *6 Woulfe, and he asks by reason of these forgeries that a judgment be rendered declaring the property to be the property of James J. Woulfe, and that plaintiff be relegated for future relief to the proceedings in the bankruptcy of James J. Woulfe in the United States District Court; furthermore, for judgment perpetuating and maintaining the injunction, and directing the sheriff to account for rents.
The intervener proposes to litigate the question of forged signatures before the courts, and, in the next sentence of the same paragraph, he questions the jurisdiction of the court.
He urges that the court should declare the property “sought to be seized” to be the property of James J. Woulfe.
It follows that the question of title is according to intervener before the court, and that he cannot be heard now to have it decided that it is not before the court.
After these questions are passed upon, in accordance with the petition of intervention, there remains nothing to transfer to the federal district court.
Lastly, intervener is pleased to 'ask that the plaintiff be perpetually enjoined. "
It is out of all question to render judgment perpetually enjoining plaintiff.
Proper application has not been made for an injunction. It has been twice dissolved, and the property has been disposed of by the sheriff. We will have to leave it as it is, as what has been done without legal objection cannot be recalled. To say the least, it was not absolutely null and void, and, even if it were, it would devolve upon interested parties to begin ¿new, and not seek to bring the proceedings again before the court.
But the intervener is not in a position to question the jurisdiction of the state court in the present ease.
Moreover, the intervener is limited to the assertion of his rights; he takes the suit as it is; he cannot assume to act for the defendant.
The third opponent cannot restrain the proceedings with the sale without going security to the plaintiff. Cahn v. Ford, 42 La. Ann. 965, 8 South. 477.
To the same effect is Jones v. Lawrence, 4 La. Ann. 279, in which the court reiterates 'that the third opponent must give security.
[2] Furthermore, the trustee made himself a party to the proceedings in the state court. He has recognized the jurisdiction of the court in which the seizure was made. That court had jurisdiction from a date prior to the surrender in bankruptcy. Grant v. Buckner, 172 U. S. 232, 238, 19 Sup. Ct. 163, 43 L. Ed. 430.
Jurisdiction having been vested to the point stated with what may be deemed the consent of intervener, the ease will not now be transferred to a court of concurrent jurisdiction over the questions involved and as presented.
“When a court' of competent jurisdiction has, by appropriate proceedings, taken property in its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts.” Foster’s Federal Practice, p. 152, § 52.
. It must be remembered that, “with consent” practically, the state court acted.
' And, lastly, the deed contains the fact de pon alienando which confers upon the holder of the claim the right to proceed without making the purchaser subsequent in suit a party to the foreclosure.
For reasons stated, the judgment is affirmed.
PROVO STY, J., absent on account of illness, takes no part.