————o————

## No. 6331.

## GASPAR PIETRI, MRS. P. J. O'REILLY, vs. JOHN WELLS. (Consolidated.)

1. As between those who are parties to the appeal as co-appellees there can be no amendment of the judgment.

2. The privilege of the vendor of an immovable primes the legal mortgage of the wife securing the restitution of her dowry.

3. A trustee in bankruptcy succeeds to no greater rights with respect to the bankrupt's property than the latter himself possessed.

4. Where prior to the adjudication in bankruptcy, the State Court acquires jurisdiction of the parties and possession of certain property of the bankrupt for the purpose of enforcing by judicial sale, one of sundry privileges and mortgages bearing upon the property, and which are not voidable under the bankruptcy law nor subject to invalidation by the reason of the adjudication, the jurisdiction of the State Court, thus acquired, extends to satisfying as far as possible out of the proceeds of the sale of the property, not only the privilege in aid of which its process was invoked, but also those other privileges and mortgages bearing upon the property, whether superior or inferior to the former, and the lien of which is divested by the effect of the sale.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 103,607. Honorable Porter Parker, Judge.

Dufour & Dufour, for plaintiff and appellee.

Benjamin Ory, for appellee .

John J. Reilly, for defendant and appellant.

Dinkelspiel, Hart & Davey, W. S. Hero and John Dymond, Jr., attorneys.

. His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

As between plaintiff and appellee, G. Pietri, and those parties, including Mrs. O'Reilly, who, to the exclusion of said plaintiff and of one another, claim to be entitled to the benefit of the vendor's privilege upon the fund in dispute, the judgment in plaintiff's favor and against them on this score cannot be disturbed, since they are all co-appellees, neither they nor the said plaintiff having appealed.

The same may be said of the judgment in so far as it decrees that the vendor's privilege and claim of said Pietri shall be paid from the fund in preference to either of the two remaining parties to the appeal, namely, the wife of Woulfe and the trustee of Woulfe's bankrupt estate: For on the one hand, the claim of the wife, the appellant, for the restitution of her dowry is secured simply by a legal mortgage duly recorded upon the property which clearly is primed by the superior privilege of plaintiff as unpaid vendor; while on the other hand, the trustee is a co-appellee of plaintiff Pietri and consequently cannot secure any alteration of the judgment to the latter's prejudice.

The fund in question consists of the proceeds of the judicial sale of real estate sold under executory process or foreclosure to satisfy the balance due upon vendor's lien notes executed in partial payment of the price of the property. The wife contends that the balance of the fund, after the payment of the vendor and the legal charges, should have been applied to the partial satisfaction of her legal mortgage, while the trustee of Woulfe, who was adjudged a bankrupt by the United States Court in bankruptcy pending the executory proceedings in the Civil District Court and after the latter Court had acquired jurisdiction of the parties thereto and the actual custody of the property, maintains that the State Court properly decreed that this balance be turned over to him as trustee, for distribution under the orders and supervision of the Bankruptcy Court.

So the precise question presented is should the State Court, after satisfying the privileged creditor first in rank, pay the balance of the proceeds to the mortgage creditor next in rank, or, on the contrary, transfer this balance to the Bankruptcy Court?

The jurisdiction and authority of the State Court to order the sale of the property in the proceeding has already been held by the Supreme Court on an appeal prosecuted by the trustee, the Court, among other things, holding that since the State Court had "by appropriate proceedings taken the property into its possession through its officers," the property was thereby withdrawn from the jurisdiction of the Bankruptcy Court.

Pietri vs. Wells, 64 Sou. Rep., 922; 135 La., 7.

And in order that the Court under whose mandate the property is sold may fully perform its duty to the purchaser as well as to those whose rights in the property are affected by its sale, there is comprehended within its jurisdiction the express mandate to cite and class all privilege and mortgage creditors whose lien is divested by virtue of the sale, to the end that under its decree not only shall the proceeds of the sale be distributed among them according to the rank and dignity of their debts, but also that the purchaser should acquire an unencumbered title.

C. P., 126.

And the effect of this is that while the debtor in this instance might before the sale have withdrawn his property from the custody of the Court by payment of the privilege in aid of which the process of the Court was invoked, yet where this is not done and the property is permitted to be sold to satisfy the privilege, the proceeds of the sale became impounded for the satisfaction as far as possible not only of the privilege which provoked the sale, but also of all other privileged and mortgage creditors whose lien upon the property is destroyed by the sale.

The adjudication in bankruptcy does not alter this situation, for a trustee is vested with no greater title or

rights with respect to the property of the bankrupt than the latter himself possessed as of the date he was adjudged a bankrupt, and as the bankrupt is bound to allow the proceeds of the sale to remain in the custody of the Court under whose mandate the property was sold and to permit said proceeds to be devoted to the payment of the vendor's privilege and of the wife's legal mortgage, which will absorb the fund, the trustee of the bankrupt is to the same extent bound and there remains no property of the bankrupt with respect to which the rights of the trustee attach.

The cases which have been cited to us as establishing a contrary doctrine, namely, the **Kensella case, 117 La., 687,** and the **Cavaroc case, 123 La., 319,** are not in point; for it must be remembered that we are not here dealing with receivership, insolvency or other proceedings of a similar character originating in a State Court within four months of the bankruptcy, nor with liens, whether arising from the State Court's proceeds or otherwise, acquired within a like period; but on the contrary with a proceeding before a Court having possession of the property for the enforcement of privileges and mortgage arising from the nature of the debts themselves long before the date of the bankruptcy and in no manner affected by the bankruptcy law nor by any adjudication or other proceeding thereunder—liens which should be equally recognized and enforced, whether the proceeding for that purpose be presented to the State Court or to the Bankruptcy Court.

Entertaining these views, it will be necessary to reverse the judgment in so far as it awards the balance of the fund to the trustee and not to the appellant, the wife of the bankrupt.

It is accordingly ordered and adjudged that paragraph numbered ''Fifth'' of the judgment be annulled and re-

versed and in lieu thereof it is now adjuged and decreed that Mrs. Mary Murphy, wife of James J. Woulfe, be recognized as a creditor of her said husband and of his bankrupt estate, herein represented by James J. McLoughlin, Trustee, in the sum of five thousand dollars, with five per centum interest thereon from September 1st, 1887, until paid; and furthermore that the balance of the proceeds of the sale of the property upon which her legal mortgage rested be paid to her by the Civil Sheriff herein in partial satisfaction of her judgment; the costs of this appeal being first deducted from said balance; and as thus altered and amended and in all other respects the judgment is affirmed.

Revered in part and in part affirmed.

Opinion and decree, March 29th, 1915.

Rehearing refused, April 19th, 1915.

Writ granted, May 25th, 1915.