On the Merits.
LAND, J.
[3] The plaintiff sued out executory process on two mortgage notes, under which the premises were seized and advertised for sale.
Mrs. Georgina T. Young filed an intervention and third opposition in the suit, claiming the ownership of said property, and seeking to annul her authentic sale of the same to the defendant, and the mortgages placed by him thereon, on the ground of error, mistake, and fraud, and alleging that the plaintiff is merely a party interposed.
Mrs. Young applied for an injunction without bond, under Act 156 of 1912, authorizing pauper litigants to sue “without the previous or current payment of costs and without giving a bond for costs,” and also under the provisions of articles 739 and 740 of the Code of Practice relative to injunctions against executory process.
The trial judge first ordered the injunction to issue as prayed for, but subsequently recalled his order, and, after the trial of a rule nisi against the plaintiff, refused to order the issuing of writs of injunction.
The intervener and opponent has appealed from the order of refusal.
The title of Act 156 of 1912 reads as follows:
“To authorize litigants who are unable to pay costs to litigate as plaintiff, defendant, or intervener, in the courts of this state without the previous or current payment of costs and without giving a bond for costs, and fixing the extent, terms, conditions and manner of exercising the right herein granted.”
The first section of the act provides, in part, as follows:
“This right to litigate without the previous or current payment of costs or without the giving of bonds for the payment of costs shall extend to all the services required by law in legal proceedings of clerks of courts, sheriffs and official stenographers, and to obtaining copies of notarial acts from public officers and notaries and certificates from public officers in respect to records of their offices.”
The costs referred to in the title, being limited by the act to all the services required by law of certain classes of officers, cannot by the most elastic rule of construction be stretched to cover damages that may be sustained by the defendant in injunction.
It needs no citation of authority to support *907 the conclusion that in said law the word “costs” does not include damages; but we, however, refer to the cited case of Howze v. Green, 62 N. C. 245, where Reade, J. said:
“We are of opinion that the injunction ought not to have issued without bond. The statute provides that no injunction shall issue except upon security. Rev. Code, c. 32, § 14. And the statute allowing a suit in forma pauperis_ applies to costs, and does not embrace an injunction.”
In the ease of O’Reilly v. Pietri, 135 La. 4, 64 South. 922, this court held that only the defendant in executory process can arrest the sale by an injunction, without bond (G. P. art. 739), and that an intervener or third opponent in a foreclosure suit is not entitled to an injunction, without bond.
It is therefore ordered that the judgment appealed from be affirmed, and that the appellant pay costs of appeal.